UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TONY LORENZO GINTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 28, 2016, the Court entered a Memorandum Opinion and Order adopting the magistrate judge's Recommended Disposition, denying the defendant's motion to vacate his sentence under 28 U.S.C. § 2255, and denying a Certificate of Appealability. [Record No. 117]  Judgment was entered in the United States' favor the same date. [Record No. 118]  Defendant Ginter has now filed a motion asking the Court to reconsider its January 28, 2016 determination. [Record No. 119]  Ginter argues that the Court erred by relying on a state pre-sentence report in concluding that his prior Kentucky burglary conviction qualified as a violent felony under the Armed Career Criminal Act ("ACCA"). [*Id.*, p. 2]

Ginter relies on *United States v. Braun*, 801 F.3d 1301 (11th Cir. 2015), in support of his position. [*Id.*, pp. 2–4; Record No. 119-1]  Further, he contends that the holding in *Braun* demonstrates that reasonable minds could differ on the issues raised in his habeas proceeding, entitling Ginter to a Certificate of Appealability. [Record No. 119, p. 2]

District courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.[1]  *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  While Rule 59 allows for reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).  Under Rule 59(e), a court may "alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotation marks omitted)).

Here, Ginter's motion is not based on newly discovered evidence.  Nor does he assert an intervening change in controlling law.  Instead, Ginter alleges that the Court made a clear error of law or, alternatively, that reconsideration is needed to prevent manifest injustice.  However, because Ginter merely attempts to re-argue his case, his motion will be denied.  *See Howard*, 533 F.3d at 475.

In its Memorandum Opinion and Order, the Court dealt extensively with the legal issues surrounding the use of a state pre-sentence report in determining whether a prior offense qualifies as a violent felony under the ACCA.  Ultimately, the Court concluded that it could properly consider certain statements in the pre-sentence report at issue under

---

[1]     Rule 59(e) motions for reconsideration must be filed no later than 28 days after entry of the applicable judgment or order.  Ginter's motion for reconsideration was filed within that time period.  [*See* Record Nos. 117; 119.]

*Shepard v. United States*, 544 U.S. 13 (2005), because the state court's final judgment incorporated the pre-sentence report and "necessarily" rested on the fact identifying the offense as the ACCA's version of burglary. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *see, e.g.*, *United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011); *United States v. Kappell*, 418 F.3d 550, 559–560 (6th Cir. 2005). [Record No. 117, p. 10]

Ginter's motion seeks to rehash arguments previously rejected. In *Braun*, the Eleventh Circuit held that the sentencing court could not consider a pre-sentence report prepared for a prior ACCA-sentencing in determining whether one of the prior convictions in the report qualified as a violent felony under the ACCA. 801 F.3d at 1306. Specifically, the court reasoned that *Shepard* required a sentencing court to review only the "charging document, a plea agreement or colloquy, or a comparable judicial record." *Id.* However, *Braun* was decided in another circuit and is not binding here. *See Moldowan v. City of Warren*, 578 F.3d 351, 381 n.9 (6th Cir. 2009). Consequently, Ginter fails to demonstrate that the Court committed a clear error of law by reviewing the state pre-sentence report in determining whether he qualified as an armed career criminal. *See Leisure Caviar*, 616 F.3d at 615.

Further, *Braun* is inapposite because it did not deal with a pre-sentence report relied on by a trial court in *convicting* the defendant. Instead, it addressed a pre-sentence report relied on in an *ACCA-sentencing* that occurred before the ACCA-sentencing at issue in the case. 801 F.3d at 1302. Ginter's pre-sentence report, however, was relied upon by the state trial court in convicting him. [Record No. 105, p. 2] The defendant also fails to explain how

he will suffer manifest injustice by the Court's consideration of the pre-sentence report, except to the extent that he rehashes old arguments. *See Leisure Caviar*, 616 F.3d at 615.

For the same reasons, *Braun* does not demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Braun* is also distinguishable from the present case because in *Braun*, there was no indication that the sentencing court for the prior conviction incorporated the factual statement from the pre-sentence report into its judgment. *See Braun*, 801 F.3d at 1302. On the other hand, the state court in Ginter's case specifically incorporated the "factual contents and conclusions" of the pre-sentence report into the judgment. [Record No. 105, p. 2] Thus, the state court's judgment "necessarily" rested on the facts of the pre-sentence report. *See Taylor*, 495 U.S. at 602.

Moreover, *Braun* contained no discussion of that aspect of *Taylor*. As a result, its reasoning does not persuade the Court that reasonable jurists would disagree regarding the Court's determination in the January 28, 2016 Memorandum Opinion and Order. *See Slack*, 529 U.S. at 484. Therefore, the Court will not reconsider its decision to not issue a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** that Defendant Tony Ginter's motion for reconsideration [Record No. 119] is **DENIED**.

This 26th day of February, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge